UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JANA HOFFMAN                                             CIVIL ACTION

VERSUS                                                   NO. 15-309-JWD-RLB

CINDY M. ELLENDER AND STATE
FARM FIRE AND CASUALTY COMPANY

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 22, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JANA HOFFMAN | CIVIL ACTION |
| VERSUS | NO. 15-309-JWD-RLB |
| CINDY M. ELLENDER AND STATE FARM FIRE AND CASUALTY COMPANY | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's Motion for Remand. (R. Doc. 2). The motion is opposed. (R. Doc. 5). Plaintiff has filed a Reply. (R. Doc. 12).

Also before the court is Defendant's Motion to Dismiss (R. Doc. 7), which is opposed (R. Doc. 14), and Defendant's Motion to Strike (R. Doc. 6), which is also opposed (R. Doc. 15).

Because the motions are related, the court considers them together.

**I.  Factual Background and Procedural History**

On April 22, 2015, Jana Hoffman ("Plaintiff") filed this action in the 18th Judicial District Court for the Parish of Iberville, Louisiana against State Farm and Casualty Company ("State Farm") and Cindy M. Ellender ("Ms. Ellender"). (R. Doc. 1-1 at 10-15) ("Petition"). Plaintiff claims that on July 3, 2014, her house burned down after she accidentally left a pot on the stove. (Petition, ¶¶ 3-7). Plaintiff submitted a claim to State Farm under a homeowner's policy ("Policy") and State Farm assigned Ms. Ellender to investigate the claim. (Petition, ¶ 11-12). Plaintiff alleges that Ms. Ellender asked inappropriate questions about her children and living arrangement, which allegedly resulted in a verbal altercation and threats by Ms. Ellender to retaliate through her investigation. (Petition, ¶¶ 13-15). State Farm denied the claim but agreed to pay any "innocent" insured, namely Plaintiff's mortgage company. (Petition, ¶ 22).

1

Plaintiff alleges that State Farm breached the Policy in bad faith by refusing to pay benefits in an arbitrary and capricious manner, entitling the Plaintiff to damages under the Louisiana bad faith statutes. (Petition, ¶1-7). Plaintiff further alleges that Ms. Ellender threatened Plaintiff "with an investigation that would be deeper than anyone had ever done on her" and "placed roadblocks into the path of Plaintiff's recovery, causing undue delay and ultimately denial of the claims by State Farm." (Petition, ¶¶ 13-15).

On May 18, 2015, State Farm removed the action on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (R. Doc. 1). In the Notice of Removal, State Farm acknowledges that Ms. Ellender is a citizen of Louisiana and that her presence in the action would ordinarily defeat complete diversity. State Farm alleges, however, that Plaintiff improperly joined Ms. Ellender in this matter for the purpose of avoiding diversity jurisdiction, therefore her citizenship should be ignored. (R. Doc. 1 at 2).

On June 16, 2015, Plaintiff moved to remand the action to state court on the basis that there is not complete diversity. (R. Doc. 2). In support of remand, Plaintiff submits an affidavit dated June 16, 2015, in which Plaintiff describes in more detail than alleged in the Petition her alleged verbal altercation with Ms. Ellender and Ms. Ellender's alleged actions following the argument. (R. Doc. 2-3, "Hoffman Affidavit").

On June 29, 2015, Defendants filed an opposition to Plaintiff's motion reasserting their allegations in the Notice of Removal that Ms. Ellender has been improperly joined in this matter. (R. Doc. 5). Defendants also filed a motion seeking dismissal of Ms. Ellender as a defendant on the basis that Plaintiff has failed to state a claim against her. (R. Doc. 7). Finally, Defendants filed a motion to strike portions of the Hoffman Affidavit on the basis that those portions do not

allege facts upon which it can be reasonably inferred that Plaintiff has personal knowledge. (R. Doc. 6).

## II. Arguments of the Parties

### A. Defendants' Motion to Strike

Defendants seek to strike portions of the Hoffman Affidavit on the basis that Plaintiff does not alleges facts upon which she has personal knowledge. (R. Doc. 6 at 1-2). In support of this argument, Defendants rely upon Rule 602 of the Federal Rules of Evidence and Rule 56(c)(4) of the Federal Rules of Civil Procedure. (R. Doc. 6-1 at 2). In opposition, Plaintiff argues that the motion ignores that the affiant "has had to live through the entire ordeal and has personal knowledge of the facts as set forth in the affidavit." (R. Doc. 15 at 1).

### B. Plaintiff's Motion to Remand

In support of remand, Plaintiff argues that the parties lack complete diversity as both Plaintiff and Ms. Ellender are Louisiana residents. (R. Doc. 2-1 at 1-2). Plaintiff argues that the Petition contains allegations which "clearly state viable claims against [Ms. Ellender]." (R. Doc. 2-1 at 7). Plaintiff asserts that "an employee can be held liable for the negligent performance of [her] duties if [she] also violates a duty owed to the plaintiff." (R. Doc. 2-1 at 6). Plaintiff further asserts that, in light of the claim against Ms. Ellender, Defendants' allegation of improper joinder is unwarranted as "Defendants have failed to meet their 'heavy burden' of proving that the plaintiff has no possibility of recovering against the non-diverse defendant." (R. Doc. 2-1 at 7).

In opposition to remand, Defendants argue that Plaintiff has no basis for a claim against Ms. Ellender and she is therefore improperly joined. (R. Doc. 5 at 3). Defendants characterize Plaintiff's allegations against Ms. Ellender as a "cause of action against an employee of an

3

insurance company with regard to the handling of an insurance claim" that is recognized only "in narrow circumstances not present here." (R. Doc. 5 at 1-2). Defendants note that Plaintiff offers no specific authority regarding the liability of insurance adjusters. (R. Doc. 5 at 6). In contrast, Defendant cites several decisions in support of the proposition that an insurance adjuster cannot be liable to the insured for work performed while investigating a claim except where the adjuster has engaged in fraud or provided false information. (R. Doc. 5 at 7-8). Defendants argue that the Petition contains "no allegations that Ellender misrepresented any material facts to the Plaintiff." (R. Doc. 5 at 4). Defendants contend that even if Plaintiff's statements in her affidavit are accepted as true, those allegations do not support a cause of action against Ms. Ellender, as the affidavit contains no allegations that she committed fraud or made any misrepresentations to Plaintiff with regard to her claim. (R. Doc. 5 at 5).

In reply, Plaintiff asserts that the cases relied upon by Defendants are distinguishable from the instant matter on two separate grounds. Plaintiff first alleges that these cases "deal with adjusters, not an investigator such as Ellender." (R. Doc. 12 at 4). Plaintiff further alleges that "the cited cases involve claims that adjusters negligently handled the claims processing," whereas here "the plaintiff has affirmative[ly] alleged an intentional effort by the employee to subvert or sabotage her claim." (R. Doc. 12 at 4). According to Plaintiff, "there are no state laws or cases cited by the defendant which deny a claim against an adjuster for intentional acts of sabotage." (R. Doc. 12 at 9). Based on these assertions, Plaintiff alleges that she does have a cause of action against Ms. Ellender. (R. Doc. 12 at 9).

### C. Defendants' Motion to Dismiss

Defendants seek summary dismissal of Ms. Ellender as a defendant on the basis that Plaintiff has failed to state a claim against her. (R. Doc. 7-1 at 1-2). Defendants incorporate by

reference the arguments presented in opposition to Plaintiff's Motion to Remand. (R. Doc. 7-1 at 2). In opposition, Plaintiff argues the same points raised in her Reply in support of her Motion to Remand, namely that Ms. Ellender is an insurance "investigator" and not an adjuster, and that she has alleged intentional acts of sabotage that constitute a viable cause of action. (R. Doc. 14).

## III. Law and Analysis

### A. Motion to Remand and Motion to Strike

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47. In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs. *Travis*, 326 F.3d at 649. If the court concludes that

reference the arguments presented in opposition to Plaintiff's Motion to Remand. (R. Doc. 7-1 at 2). In opposition, Plaintiff argues the same points raised in her Reply in support of her Motion to Remand, namely that Ms. Ellender is an insurance "investigator" and not an adjuster, and that she has alleged intentional acts of sabotage that constitute a viable cause of action. (R. Doc. 14).

## III. Law and Analysis

### A. Motion to Remand and Motion to Strike

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47. In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs. *Travis*, 326 F.3d at 649. If the court concludes that

reference the arguments presented in opposition to Plaintiff's Motion to Remand. (R. Doc. 7-1 at 2). In opposition, Plaintiff argues the same points raised in her Reply in support of her Motion to Remand, namely that Ms. Ellender is an insurance "investigator" and not an adjuster, and that she has alleged intentional acts of sabotage that constitute a viable cause of action. (R. Doc. 14).

## III. Law and Analysis

### A. Motion to Remand and Motion to Strike

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47. In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs. *Travis*, 326 F.3d at 649. If the court concludes that

the plaintiffs have any "possibility of recovery" against the party whose joinder is questioned" then joinder is proper and the case must be remanded for lack of subject matter jurisdiction. *Id*.

The parties do not dispute that the amount in controversy exceeds $75,000.[1] The issue before the court is whether the individually named insurance adjuster, Ms. Ellender, was improperly joined to this matter to defeat diversity jurisdiction.

As a preliminary issue, however, the court must consider Defendant's motion to strike portions of the Hoffman Affidavit support in support of the motion to remand. There is no procedural rule governing motions to strike portions of an affidavit attached to a motion to remand.[2] Defendant brings their motion pursuant to Rule 602 of the Federal Rules of Evidence, which concerns the admission of evidence at trial, and Rule 56(c)(4) of the Federal Rules of Civil Procedure, which concerns affidavits submitted in support or opposition of a Motion for Summary Judgment. Defendants seek to strike portions of the Hoffman Affidavit on the basis that Plaintiff does not have personal knowledge of the information asserted.

In the context of determining whether a defendant is improperly joined in an action for the purpose of defeating removal, the court generally does not consider information outside of the pleadings. *See Smallwood*, 385 F.3d at 573-74. A review of the Petition indicates that there are no "discrete facts" not included in the Petition indicating that the court should, "in its discretion, pierce the pleadings and conduct a summary inquiry." *Id*. at 573. The Fifth Circuit has cautioned courts to limit any summary inquiry outside of the pleadings "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-

---

[1] In accordance with Louisiana Code of Civil Procedure article 893, Plaintiff alleges that the amount in controversy exceeds $75,000.00. (R. Doc. 1-2 at 5).

[2] Defendants did not bring their motions to strike under Rule 12(f), which authorizes a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court need not decide, therefore, whether a declaration in support of a motion is a "pleading" for the purpose of that rule. *See* Fed. R. Civ. P. 7(a) (defining "pleadings" allowed under the Federal Rules of Civil Procedure).

state defendant," such as in the following examples: "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id*. at 573-74 and n. 12.

Here, Plaintiff has submitted an affidavit for the purpose for the purpose of demonstrating that she can recover against the in-state defendant. Considering that many of the statements occurred only in the presence of Plaintiff and Ms. Ellender, many of the statements in the affidavit cannot easily be disproved if not true. Accordingly, the court need not, and should not, consider the Hoffman Affidavit for the purpose of conducting its improper joinder analysis. Because the court is not concerned with the admissibility of the Hoffman Affidavit for the purpose of the instant motion, it need not strike any portions of the affidavit, which should not be considered at all.[3] If desired, Defendants can move, at a more appropriate point in the proceeding, to exclude from evidence any documents (including portions of the Hoffman Affidavit) submitted by Plaintiff in support of summary judgment or for use at trial.

The court will now turn to the ultimate issue of whether Ms. Ellender is an improperly joined defendant. Under Louisiana law, "there is generally no cause of action against an insurance adjuster for processing and handing an insurance claim. *See Munsterman v. State Farm Fire & Cas. Co.*, No. 06-8722, 2007 WL 29183, at *2 (E.D. La. Jan. 3, 2007) (citing *Edwards v. Allstate Prop. & Cas. Co.*, No. 04-2434, 2005 WL 2211560, at *3 (E.D. La. Jan. 27, 2005)); *see also Cagle v. Hanover Am. Ins. Co.*, No. 11-0031, 2011 WL 2020241, at *2 (W.D. La. Apr. 6, 2011) (insurance adjuster improperly joined where plaintiffs did not allege any facts "from which it might be supposed that he assumed a duty to plaintiffs"), *report and*

---

[3] Even if the court considered the Hoffman Affidavit, it contains no information relevant to whether, as discussed in more detail below, Ms. Ellender committed fraud or made any misrepresentations regarding Plaintiff's claim, or that Ms. Ellender is not an insurance adjuster.

7

*recommendation adopted*, 2011 WL 2037641 (W.D. La. May 24, 2011); *Rich v. Bud's Boat Rentals, Inc.*, Nos. 96-3279, 97-2612, 97-2723, 1997 WL 785668 at *3 (E.D. La. Dec. 19, 1997) ("This Court has found no case imposing a duty on an independent insurance adjuster to an insured to conduct a proper investigation or to advise an insured of covered issues."); *Southern Hotels Ltd. P'ship v. Lloyd's Underwriters at London Cos.*, No. 95-2739, 1996 WL 48001, at *1 (E.D. La. Aug. 7, 1996) (granting insurance adjusters' motion to dismiss insured's claims of negligent investigation of claim on ground that insurance adjusters have no tort duty to insureds).

An insurance adjuster may be held liable under Louisiana law, however, "where he has engaged in fraud toward the claimant or where he has provided the claimant false information regarding the potential success of the claim and has reason to know that the claimant will rely on that information." *Id.*; *see also Pellerin v. Cashway Pharmacy of Franklin, Inc.,* 396 So.2d 371, 373 (La. Ct. App. 1st Cir. 1981) ("[T]here may be circumstances in which the adjuster may be said to have undertaken such a duty. Examples may include the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises to the claimants, misrepresentation and fraud.") (citation omitted).

In her reply, Plaintiff argues that because she alleged that Ms. Ellender is an insurance "investigator"—as opposed to an insurance "adjuster"—that the foregoing case law is inapplicable. Plaintiff provides no law in support of this argument. The Louisiana Insurance Code defines an "adjuster" as "an individual who *investigates or adjusts* losses on behalf of an insurer as an independent contractor or as an employee of . . . an insurer." La. R.S. 22:1661(1), (1)(f). Furthermore, the Fifth Circuit has interchangeably described an employee of an insurer sent to investigate a claim as an "investigator/adjuster." *See Brown ex rel. Tracy v. Liberty Mut. Fire Ins. Co.*, 168 Fed. App'x. 558, 560 (5th Cir. 2006). In the absence of any law supporting

8

her argument, the court finds that the difference asserted by Plaintiff is one of semantics, not substance. Plaintiff unequivocally alleges that Ms. Ellender was the State Farm "investigator assigned to the claims" made by Plaintiff under the Policy, and that State Farm denied her claims "pursuant to the directions" of Ms. Ellender. (Petition, ¶¶ 12, 21). In short, Plaintiff alleges that Ms. Ellender was sent to investigate the claims and was involved in the adjustment and ultimate denial of her claim. Accordingly, the court will analyze whether Ms. Ellender was improperly joined as an "insurance adjuster" to this action.

Plaintiff has failed to allege facts under which she has any possibility of recovery against Ms. Ellender under Louisiana law. In the Petition, Plaintiff alleges the following with regard to Ms. Ellender:

> 13.
> At the initial meeting between Jana Hoffman and Cindy M. Ellender, Ms. Ellender and Ms. Hoffman got into a verbal altercation over inappropriate question which Ms. Ellender was asking Ms. Hoffman about her children and their custody living arrangement.
>
> 14.
> Immediately following this exchange of words, Cindy M. Ellender turned off her tape recorder and threatened Ms. Hoffman with an investigation that would be deeper than anyone had ever done on her.
>
> 15.
> As a result of this altercation and in retaliation therefore and in furtherance of the treat [sic] made, Ms. Ellender did appropriately conduct the investigation and placed roadblocks into the path of Ms. Hoffman's recovery, causing undue delays and ultimately a denial of the claims by State Farm Fire and Casualty Company.

(Petition ¶¶ 13-15). The Petition does not contain any allegation that Ms. Ellender engaged in any fraud or misrepresentations that would possibly trigger an exception to the general rule that a claims adjusters cannot be held personally liable in tort with regard to the investigation, adjustment, and denial of an insurance claim. At most, Plaintiff alleges Ms. Ellender improperly investigated/adjusted her insurance claim, resulting in the ultimate denial of her claim.

9

Plaintiff's disagreement with Ms. Ellender's method of adjusting claims and ultimate claims decision, in the absence of an allegation of fraud or misrepresentation, cannot form the basis of a claim against her under Louisiana law. *Munsterman*, 2007 WL 29183. There are no factual allegations in the Petition suggesting that Ms. Ellender committed fraud or that the Plaintiff relied to her detriment upon truthful information Ms. Ellender had knowingly passed to her.[4] Similarly, that Plaintiff alleges that Ms. Ellender threatened to conduct "an investigation that would be deeper than anyone had ever done on her" does not support a finding that Plaintiff has alleged any cognizable intentional tort grounded in sabotage. To the extent Ms. Ellender's investigation/adjustment of claims ultimately led to the wrongful denial of Plaintiff's claim, then Plaintiff can seek recovery from State Farm.

Finally, Plaintiff's reliance on so-called *Canter* liability is misplaced. The *Canter* decision provides that an individual employee may be held personally liable where employer delegates duty of care to employee and employee breaches that duty. *See Canter v. Koehring Co.*, 283 So. 2d 716 (La. 1973). An insurance company cannot delegate its duties of care toward an insured to an insurance adjuster. *See Rosinnia v. Lexington, Ins. Co.*, No. 06-6315, 2006 WL 3141247 (E.D. La. Oct. 31, 2006) ("[N]othing in the [insurance bad faith statutes] suggests that the Louisiana Legislature intended the duties imposed on insurers to be delegable to adjusters."). Furthermore, the Fifth Circuit has held that *Canter* liability "may only be imposed for bodily

---

[4] "The elements of a Louisiana delictual fraud or intentional misrepresentation cause of action are: (a) a misrepresentation of a material fact, (b) made with the intent to deceive, and (c) causing justifiable reliance with resultant injury." *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999). Unlike in the *Brown* action relied upon by Plaintiff, there are no allegations in the Petition that Ms. Ellender made any negligent or deliberate misrepresentations of material fact. *See Brown v. Toyota Motor Sales, U.S.A., Inc.*, No. 99-cv-2285, 1999 WL 983828 (E.D. La. Oct. 26, 1999) (individual employees at car dealership were not improperly joined in airbag defect action where those employees made specific representations regarding the vehicle's safety features). Moreover, Plaintiff's affidavit raises no additional factual allegations suggesting that Ms. Ellender made any material representations regarding her claim. (R. Doc. 2-3).

injury claims." *Kling realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 515 (5th Cir. 2009) (citing *Unimobil 8, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986); *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994)).  As she is seeking only economic damages, Plaintiff does not have any basis for recovery pursuant to *Canter* as interpreted by the Fifth Circuit. *Kling*, 575 F.3d at 515.

For the foregoing reasons, Plaintiff has no possibility of recovery against Ms. Ellender based on the claims alleged against her, and, accordingly, she has improperly joined her as a defendant.

### B. Motion to Dismiss

The court now turns to Defendants' motion to dismiss Ms. Ellender brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Fifth Circuit has stated that "summary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery." *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 102 (5th Cir. 1990). Accordingly, this court and other courts within the Fifth Circuit have summarily dismissed improperly joined defendants. *See*, *e.g.*, *Ellis v. Ethicon, Inc.*, No. 09-949-JJB-SCR, 2010 WL 2998602 (M.D. La. July 26, 2010) (dismissing defendants on basis that they were improperly joined); *Gray v. Border Exp. Servs., Ltd.*, No. 11-cv-128, 2012

WL 12385, at *8 (S.D. Miss. Jan. 3, 2012) (summarily dismissing plaintiff's claims against improperly joined parties without prejudice); *Moss v. Unum Grp. Corp.*, No. 10-cv-0002, 2010 WL 3190399, at *3 (W.D. La. July 14, 2010) (recommending "that the court grant summary judgment *sua sponte* and dismiss all claims" against the improperly joined parties with prejudice), *report and recommendation adopted sub. nom.* 2010 WL 3199728, at *4 (W.D. La. Aug. 11, 2010); *Butler v. Louisiana State Univ. Health Sciences Ctr.*, No. 12-cv-1838, 2012 WL 7784402 (W.D. La. Nov. 19, 2012) ("A finding of improper joinder is tantamount to dismissal of the defendant who was improperly joined."), *report and recommendation adopted sub. nom.*, 2013 WL 1180873 (W.D. La. Mar. 20, 2013); *see also Mclin v. H & H Lure Co.*, 102 F. Supp. 2d 341, 343 n. 2 (M.D. La. 2000) ("Before the Court can rule on the motion to dismiss, the Court must first determine if the Court has subject matter jurisdiction. To determine if the Court has subject matter jurisdiction, the Court must first determine if there was a fraudulent joinder. If the Court finds there was a fraudulent joinder, it is in effect finding that the plaintiffs have no cause of action against the non-diverse defendant.").

As Ms. Ellender was improperly joined, and Plaintiff has not alleged a claim upon which she may recover against Ms. Ellender, Plaintiff's claims against Ms. Ellender fails the Rule 12(b)(6) standard. *See Ellis*, 2010 WL 2998602 (dismissing defendants on basis that they were improperly joined); *Benavides v. EMC Mortgage Corp.*, 916 F. Supp. 2d 776, 783 (S.D. Tex. 2013) (summarily dismissing claim with prejudice against improperly joined defendants under Rule 12(b)(6) after determining that the defendants' claim failed the "Rule 12(b)(6)-type analysis" that governs the improper joinder standard) (citing *Smallwood,* 385 F.3d at 573).

Accordingly, because Plaintiff has failed to state a recoverable claim against Ms. Ellender, Defendants' motion to dismiss Ms. Ellender should be granted.

**IV.	Conclusion**

Because the Plaintiff has no possibility of recovery against Ms. Ellender, she was improperly joined as a defendant. There is complete diversity between the remaining defendant, State Farm, and the Plaintiff. The court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

**RECOMMENDATION**

It is the recommendation of the magistrate judge that Defendant's Motion to Strike (R. Doc. 6) should be **DENIED**.

It is the further recommendation of the magistrate judge that Plaintiff's Motion to Remand (R. Doc. 2) should be **DENIED**.

It is the further recommendation of the magistrate judge that Defendant's Motion to Dismiss (R. Doc. 7) should be **GRANTED**, and the claims against defendant Cindy M. Ellender should be **DISMISSED with prejudice.**

Signed in Baton Rouge, Louisiana, on July 22, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**