UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JANA HOFFMAN | CIVIL ACTION |
| VERSUS | NO. 15-309-JWD-RLB<br>C/W |
| STATE FARM FIRE &<br>CASUALTY COMPANY, ET AL. | NO. 15-473-JWD-RLB |
| | This Order Pertains to<br>NO. 15-309-JWD-RLB |

## ORDER

Before the court is Plaintiff' Motion to Quash Subpoena Duces Tecum. (R. Doc. 10). The motion is opposed. (R. Doc. 18). For the following reasons, Plaintiff's Motion is **DENIED**.

On April 22, 2015, Jana Hoffman ("Plaintiff") filed this action in the 18th Judicial District Court for the Parish of Iberville, Louisiana, seeking coverage under a homeowner's policy issued by defendant State Farm and Fire Casualty Company ("State Farm") after her house burned down. (R. Doc. 1-2).

On May 18, 2015, State Farm removed the action on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (R. Doc. 1).

On June 16, 2015, Plaintiff moved to remand the action to state court on the basis that there is not complete diversity. (R. Doc. 2).

On June 24, 2015, the court ordered the parties to submit a status report by August 6, 2015 and set a scheduling conference for August 20, 2015. (R. Doc. 4). The record is unclear as to when the parties held a conference pursuant to Rule 26(f)(1) of the Federal Rules of Civil Procedure.[1]

---

[1] Plaintiff does not argue that the parties did not hold a Rule 26(f)(1) discovey conference prior to the commencement of third-party discovery by State Farm. Accordingly, the court need not determine,

On July 16, 2015, Plaintiff filed the instant motion, requesting the court to temporarily "quash" subpoenas duces tecum issued by State Farm on 21 third parties located throughout Louisiana, as well as in Texas, Missouri, Colorado, and Indiana, until 21 days after the court rules on Plaintiff's motion to remand. (R. Doc. 10). In support of the motion, Plaintiff argues that State Farm "has prematurely initiated discovery without regard" to a determination on this court's subject matter jurisdiction. (R. Doc. 10-1 at 1). Plaintiff states that she "believes that several of these subpoenas are subject to being quashed, but that issue should be decided by the court that will ultimately hear the case." (R. Doc. 10-1 at 1). Plaintiff states that by granting the requested relief, Plaintiff will have "the opportunity to properly brief the issue for the Court which should be the court to decide them." (R. Doc. 10-1 at 2).

Plaintiff's memorandum in support consists of three paragraphs. Plaintiff did not attach the subpoenas at issue. Plaintiff did not indicate the dates on which the subpoenas were served by State Farm. Other than providing in a footnote that State Farm has issued subpoenas to Chase Bank to obtain records of an individual named Sam Moody, Plaintiff does not identify the documents and information sought by State Farm through the subpoenas.

Plaintiff's motion to quash essentially seeks a stay of third-party discovery pending the resolution of his motion to remand. Accordingly, Plaintiff's motion will be construed as a motion for protective order pursuant to Rule 26(c).

On July 23, 2015, the undersigned issued a Report and Recommendation to the district judge recommending that Plaintiff's motion to remand should be denied. (R. Doc. 16). As of the date of this Order, Plaintiff's motion to remand remains pending.

---

pursuant to the instant motion, whether State Farm was premature in commencing third-party discovery. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

On August 4, 2015, State Farm filed its Opposition to the instant motion. (R. Doc. 18). State Farm indicates that the Rule 45 subpoenas were issued on June 16, 2015, with copies provided to Plaintiff's counsel that same day, and compliance was sought in Baton Rouge, Louisiana by July 17, 2013. (R. Doc. 18 at 3; *see* R. Doc. 18-1 at 10-30). Furthermore, State Farm indicates that on July 16, 2015, Plaintiff filed his ~~motion~~ to remand and requested the subpoenaed third parties to suspend efforts to comply with the subpoenas until receiving a court order to do so. (R. Doc. 18 at 3; *see* R. Doc. 18-1 at 31-52). State Farm further indicates that the parties have been engaged in written discovery and State Farm has subpoenaed certain phone records without objection by Plaintiffs. (R. Doc. 18 at 2-3; *see* R. Doc. 18-1 at 3-9).

State Farm raises several interrelated arguments for why Plaintiff's motion should be denied. First, State Farm argues that Plaintiff's motion is necessarily brought pursuant to Rule 26 (as opposed to Rule 45) and, accordingly, was required to provide a Rule 26(c)(1) certification. (R. Doc. 18 at 2). State Farm concedes, however, that the parties held a conference in which they discussed the subpoenas at issue, and that Plaintiff's counsel represented at the conference "that he did not have an issue with the subpoena duces tecumes that had been issued." (R. Doc. 18-2). Second, State Farm argues that Plaintiff's motion is untimely pursuant to Rule 26 (because it was not filed in a reasonable time considering the return date) or untimely pursuant to Rule 45 (because Plaintiff did not make an "objection" within 14 days after the subpoena was served).[2] Third, State Farm argues that Plaintiff may not have standing to object to the subpoenas pursuant to Rule 45. (R. Doc. 18 at 5).

---

[2] *See* Fed. R. Civ. P. 45(d)(2)(B) (providing that objections to an subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served).

State Farm requests that the court not only deny the motion to quash, but also require Plaintiff to submit to write the subpoenaed third parties and advise them of the instant Order. (R. Doc. 18 at 5).

Rule 26(c) allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

Plaintiff has not established good cause for the requested stay. Despite having been apprised of the subpoenas on the date they were issued, Plaintiff waited until the day before the date of compliance to file the instant motion. Plaintiff did not seek expedited consideration of his motion. According to Defendants, many of the subpoenaed third parties have already responded to their subpoenas. (R. Doc. 18 at 3). The filing of a motion to remand does not automatically stay discovery. Plaintiff provides no analysis or legal support in support of a stay of third-party discovery given the procedural posture of this case. In light of the record, and the impracticalily of staying third-party discovery after many third parties have responded to subpoenas, the court will not issue the relief requested.

Although the court is denying Plaintiff's motion, it will not require Plaintiff (as requested by State Farm in its Opposition) to provide any third parties with a copy of this Order. State

Farm may address any issues with regard to non-compliance with its subpoenas through its own communications with the third parties and, if necessary, through the filing of an appropriate motion pursuant to Rule 45.

**IT IS ORDERED** that Plaintiff's Motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 5, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**