UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JANA HOFFMAN | CIVIL ACTION |
| VERSUS | NO. 15-309-JWD-RLB |
| STATE FARM FIRE & CASUALTY COMPANY, ET AL. | |
| | CONSOLIDATED WITH |
| RAY GRIMMER | CIVIL ACTION |
| VERSUS | NO. 15-473-JWD-RLB |
| STATE FARM FIRE & CASUALTY COMPANY | |
| | **This Document Pertains to NO. 15-473-JWD-RLB** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 4, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JANA HOFFMAN | CIVIL ACTION |
| VERSUS | NO. 15-309-JWD-RLB |
| STATE FARM FIRE & CASUALTY COMPANY, ET AL. | |
| | CONSOLIDATED WITH |
| RAY GRIMMER | CIVIL ACTION |
| VERSUS | NO. 15-473-JWD-RLB |
| STATE FARM FIRE & CASUALTY COMPANY | |
| | This Document Pertains to NO. 15-473-JWD-RLB |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on a *sua sponte* order requiring briefing on this court's subject-matter jurisdiction over the member case in these consolidated actions, *Grimmer v. State Farm Fire & Casualty Company*, No. 15-473-JWD-RLB (M.D. La.) (the "*Grimmer* action"). (R. Doc. 21).[1] The court required the parties to address the "amount in controversy" requirement for the exercise of diversity jurisdiction and whether supplemental jurisdiction may be exercised over an independent action based solely on the court's jurisdiction over another separate, but related, action.

---

[1] All docket entries after consolidation are entered into the lead case. *See* L.R. 10(b). Accordingly, all citations to the record, unless otherwise noted, are to the lead case in these consolidated actions, *Hoffman v. State Farm Fire & Casualty Company, et al.*, No. 15-309-JWD-RLB (M.D. La.) (the "*Hoffman* action").

1

On August 20, 2015, State Farm and Casualty Company ("State Farm") filed a brief asserting that this court has either original diversity jurisdiction or supplemental jurisdiction over the *Grimmer* action. (R. Doc. 24).

On September 16, 2015, Jana Hoffman ("Ms. Hoffman"), who is not a party to the *Grimmer* action,[2] filed a memorandum arguing that supplemental jurisdiction pursuant to 28 U.S.C. § 1367 cannot serve as an independent basis for removal jurisdiction. (R. Doc. 25).

Ray Grimmer ("Plaintiff" or "Mr. Grimmer"), the sole plaintiff in the *Grimmer* action, did not file a memorandum as required by the court's *sua sponte* order.

I.      **Factual Background and Procedural History**

These consolidated cases involve a single incident on July 3, 2014 involving a house fire and insurance claims brought under a single homeowner's policy issued by State Farm. The plaintiffs in the consolidated cases are divorced.

On April 22, 2015, Ms. Hoffman brought an insurance action in the 18th Judicial District Court, Iberville Parish, Louisiana to obtain recovery under a homeowner's insurance policy, No. 18-BN-X738-5, issued by State Farm on or about July 27, 2012 (the "Policy").[3] (R. Doc. 1-2, "Hoffman Petition"). In her Petition, Ms. Hoffman claims that on July 3, 2014, the house insured by the Policy burned down after she accidentally left a pot on the stove. (Hoffman Petition, ¶¶ 3-7). State Farm denied Ms. Hoffman's claim, but agreed to pay any "innocent" insured, which Ms. Hoffman identified as her mortgage company. (Hoffman Petition, ¶ 22). Ms. Hoffman seeks coverage under the Policy and damages resulting from State Farm's alleged arbitrary and capricious conduct in regard to its position that she "would not be paid the remaining amount due to her under the policy but would seek reimbursement or subrogation

---

[2] Jana Hoffman is the sole plaintiff in the *Hoffman* action.
[3] State Farm has submitted a copy of the Policy. (R. Doc. 24-1).

2

against her for the amounts paid to the mortgage company." (Hoffman Petition, ¶ 23). Ms. Hoffman specifically alleged in her Petition that her damages exceeded "$75,000.00 exclusive of interest and costs." (Hoffman Petition, ¶ 25).

State Farm removed the *Hoffman* action on May 18, 2015, claiming that there was complete diversity despite the addition of a non-diverse defendant to Ms. Hoffman's lawsuit, Cindy Ellender, the adjuster on Ms. Hoffman's claim. (R. Doc. 1). On June 16, 2015, Ms. Hoffman sought remand of her action on the basis that there was not complete diversity under the theory of improper joinder. (R. Doc. 2). On August 13, 2015, the district judge issued a ruling adopting the undersigned's recommendation that Ms. Hoffman's motion to remand be denied and that the court has subject matter jurisdiction over the *Hoffman* action pursuant to 28 U.S.C. § 1332. (R. Doc. 23).

On July 2, 2015, while Ms. Hoffman's motion to remand was pending, Mr. Grimmer initiated the *Grimmer* action by filing his own, separate Petition for Damages in the 18th Judicial District Court seeking coverage under the Policy. (No. 15-cv-473, R. Doc. 1-3, "Grimmer Petition"). In his Petition, Mr. Grimmer alleges that both he and Ms. Hoffman[4] are "named insureds of the subject property" and identifies himself "as having an insurable interest in the subject property." (Grimmer Petition, ¶ 8). Mr. Grimmer alleges that even if State Farm can meet its burden of proving that Ms. Hoffman intentionally set the fire causing the insured house to burn down, Mr. Grimmer did not cooperate or conspire with the burning of the house. (Grimmer Petition, ¶ 10). Mr. Grimmer alleges that an endorsement to the Policy provides that "[p]ursuant to LRS 22:854B,[5] should the wrongful or malicious actions of the named insured be

---

[4] Mr. Grimmer refers to his ex-wife as Jana Grimmer in his Petition.

[5] "With regard to loss by fire, the wrongful or malicious actions of a named insured that are determined to be the cause of the loss to the insured property shall not be imputed to any other insured such that the innocent insured would be deprived of coverage provided by the policy. In case of a fire that is set

3

determined to be the cause of loss of an intentionally set fire, any innocent **insured** with an insurable interest in the property shown in the **Declarations** shall receive his or her proportionate share [of] the policy proceeds." (Grimmer Petition, ¶ 11).  Mr. Grimmer alleges that he is seeking his proportionate share of the Policy proceeds as an innocent insured (Grimmer Petition, ¶ 12).

Based on the foregoing, Mr. Grimmer asserts the following allegations regarding the amount he seeks in recovery under the Policy:

13.

State Farm's declaration page provides for $156,100.00 in "Dwelling" coverage plus $15,610.00 in "Dwelling Extension" coverage for a total insurable loss of the immovable home and detached garage of $171,710.00.

14.

Upon information and belief State Farm has tendered $40,000.00 to the mortgagee representing the mortgage pay off amount as the mortgage company was considered by State Farm to also be a named insured under the terms of their policy.

15.

Accordingly, after State Farm's mortgage pay off, a gross amount of $131,710.00 remains to be reduced by Ray Grimmer's proportionate share, and the resulting maximum amount in dispute as to Ray Grimmer is $65,855.00.

16.

To the extent that State Farm would attempt to file a notice of removal in federal court, petitioner alleges federal court lacks jurisdiction over this matter, as the current amount in dispute does not exceed $75,000.00.  This is not a stipulation as to damages, but rather an allegation as to the amount in controversy at the time of this filing.

---

intentionally, the policy proceeds may only be reduced by the proper interest attributable to the insured that set the fire or otherwise participated in the cause of the loss. In the case of multiple named insureds, an innocent insured shall receive his proportionate share of the policy proceeds." La. R.S. § 22:854.

4

17.

> The defendant, State Farm, is indebted onto petitioner, its insured, under the terms and conditions of its policy of insurance in the amount of $65,855.00.

(Grimmer Petition, ¶¶ 13-17).  Mr. Grimmer does not assert a claim for "bad faith" damages in addition to these contractual damages.

On July 17, 2015, State Farm removed the *Grimmer* action, asserting the court has either original or supplemental jurisdiction. (No. 15-cv-473, R. Doc. 1).  On July 20, 2015, the court consolidated the *Grimmer* and *Hoffman* actions. (R. Doc. 13).

On August 7, 2015, after a review of the record in these consolidated actions, the court issued its *sua sponte* order requiring briefing on the issue of subject matter jurisdiction in the *Grimmer* action. (R. Doc. 21).

**II.     Arguments of the Parties**

State Farm argues that the court can exercise either (1) supplemental jurisdiction pursuant to 28 U.S.C. § 1367 on the basis that the *Grimmer* action arises out of the same "case or controversy" and concerns the same "common nucleus of operative facts" as the *Hoffman* action; or (2) original diversity jurisdiction pursuant to 28 U.S.C. § 1332, on the basis that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are diverse. (R. Doc. 24).  With regard to supplemental jurisdiction, State Farm argues that 28 U.S.C. § 1367 should be interpreted broadly. (R. Doc. 24 at 4-5).  State Farm relies on decisions finding that the court may exercise supplemental jurisdiction over claims of co-plaintiffs where at least one plaintiff has satisfied the amount in controversy requirement and the co-plaintiff's claims derive from a common nucleus of operative facts. (R. Doc. 24 at 5-6).  State Farm also references two insurance decisions from the U.S. District Court for the Eastern District of Louisiana providing that where the court has original jurisdiction over an action by a plaintiff for property loss under

one insurance contract, the court may exercise supplemental jurisdiction over a separate action by the plaintiff against a different insurer on a different insurance contract so long as the loss involved a common nucleus of operative facts. (R. Doc. 24 at 7-9). Finally, State Farm argues that remand of the *Grimmer* action (which involves the same contract, same damages, and same issues as the *Hoffman* action), will raise the possibility of inconsistent results. (R. Doc. 24 at 7-8).

In the alternative, State Farm argues that the amount in controversy requirement necessary to satisfy original diversity jurisdiction is satisfied, as the Policy allows for recovery of $171,710, which, after being reduced by the payment to the mortgagor on the property of $41,762.66, would leave the amount in controversy (when collectively considered between both insureds—Ms. Hoffman and Mr. Grimmer) at $129,947.34. (R. Doc. 24 at 8).

Mr. Grimmer did not present any arguments.

The court will first address the issue of original diversity jurisdiction, and then turn to the issue of supplemental jurisdiction.

### III. Law and Analysis

#### A. Diversity Jurisdiction

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)

("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). Louisiana law provides that "a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." La. Code Civ. P. art. 862. Furthermore, in Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1). This prohibition on alleging a specific amount of damages, however, "is not applicable to a suit on a conventional obligation, promissory note, open account, or other negotiable instrument . . ." La. Code Civ. P. art. 893(B). Plaintiffs are also required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a

7

finding of the jurisdictional minimum. *Id*.  If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

There is no dispute that there is complete diversity between State Farm and Mr. Grimmer.[6]  Accordingly, the only issue with regard to whether the court has diversity jurisdiction over the *Grimmer* action is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

Based on the record, the court finds that the jurisdictional amount required for the court to exercise original jurisdiction pursuant to 28 U.S.C. § 1332(a) is not satisfied.  First, consistent with Louisiana Code of Civil Procedure article 893, Mr. Grimmer alleges that he is seeking recovery of $65,855 pursuant to a conventional obligation,[7] and specifically alleges that federal courts lack jurisdiction over his action because the amount in dispute does not exceed $75,000.[8]  Furthermore, unlike in the Hoffman Petition, there is no claim in the Grimmer Petition for recovery pursuant to the Louisiana bad faith statutes.  Accordingly, it is not facially apparent that the amount in controversy exceeds $75,000.

---

[6] State Farm is a citizen of Illinois and Mr. Grimmer is a citizen of Louisiana. (No. 15-cv-473, R. Doc. 1-1 at 1).
[7] Under Louisiana law, an insurance policy is a conventional obligation. *Fed. Sav. & Loan Ins. Corp. v. Shelton*, 789 F. Supp. 1355, 1358 (M.D. La. 1992) (citing *Schroeder v. Board of Supervisors of Louisiana State University*, 591 So.2d 342 (La. 1991)).
[8] A Petition filed in Louisiana state court providing that federal court lacks jurisdiction over the matter due to the insufficiency of damages weighs against a finding that it is facially apparent that the amount in controversy exceeds $75,000. *Williams v. Great W. Cas. Ins. Co.*, No. 99-542, 1999 WL 1044333, at *2 (E.D. La. Nov. 17, 1999) (citing cases).

Second, State Farm has not met its burden of establishing that the amount in controversy is satisfied based on additional information outside of the Petition. State Farm has submitted a copy of the Policy (R. Doc. 24-1 at 1-28), a quit claim deed on the property (R. Doc. 24-1 at 29-31), and a lease/purchase agreement on the property (R. Doc. 24-1 at 32-40).[9] State Farm argues that based on information in the record, the amount in controversy is $129,947.34, which is the measure of the full amount of the applicable policy limits ($171,710),[10] minus the amount paid by State Farm to the mortgage company ($41,762.66). (R. Doc. 24 at 8).

It is the value of the claim for coverage under the insurance policy that determines the amount in controversy, and not the applicable policy limits, unless the value of the claim exceeds the value of the policy. *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *see also Lewis v. Lexington Ins. Co.*, No. 07-8295, 2008 WL 4862034, at *2 (E.D. La. Nov. 6, 2008). Here, the claim for coverage is $65,855.00, which does not exceed the applicable policy limits. State Farm has not demonstrated that Mr. Grimmer, if successful on his claims, could obtain more than his "proportionate share [of] the policy proceeds" as sought by Mr. Grimmer. (Grimmer Petition, ¶ 11). Indeed, State Farm does not address Mr. Grimmer's possibility of recovery at all in light of the "innocent insured" endorsement, much less

---

[9] State Farm raises various defenses to Mr. Grimmer's substantive claims based on these documents. (R. Doc. 24 at 2-3). First, State Farm argues that Mr. Grimmer's name was removed from the Policy prior to the effective date of the loss. Second, State Farm argues that by executing this quit claim deed, Mr. Grimmer extinguished any claim he may have under the Policy. Third, State Farm argues that based on the lease/purchase agreement, the court will have to determine the "true interest in the property" held by Mr. Grimmer and Ms. Hoffman to determine their rights under the Policy. The court disregards these arguments on the merits for the purpose of determining whether the amount in controversy requirement is satisfied. The issue before the court is not whether Mr. Grimmer's claims would survive a dispositive motion; instead, the issue is whether the jurisdictional amount is satisfied given the assumption that Plaintiff would succeed on his claims.

[10] The Policy provides for $156,100 in "dwelling" coverage and $15,610 in "dwelling extension" coverage, for a total of $171,710. (R. Doc. 24-1 at 6).

9

demonstrate that Mr. Grimmer is entitled to recover more than his "proportionate share" or that such a share would exceed $75,000.

Based on the foregoing, State Farm has not met its burden of demonstrating that the amount in controversy requirement is satisfied, and the court, therefore, does not have original jurisdiction over the *Grimmer* action pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.

### B.    Supplemental Jurisdiction

Two federal statutes are relevant to determine whether the court may exercise supplemental jurisdiction over a removed action.  The supplemental jurisdiction statute provides, in pertinent part, the following:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).[11]  The federal removal statute provides, in pertinent part, the following:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

The *Hoffman* action (over which this court has original jurisdiction) and the *Grimmer* action (over which the court does not have original jurisdiction) were filed separately in state court, and then were removed separately to federal court.  State Farm argues that this court may

---

[11] The supplemental jurisdiction statute, 28 U.S.C. § 1367, became law in 1990 and codified pendent and much of ancillary jurisdiction. *Peacock v. Thomas*, 516 U.S. 349, 354 n. 5 (1996); *Swint v. Chambers County Comm'n*, 514 U.S. 35, 48 n. 6 (1995).

10

exercise supplemental jurisdiction over the *Grimmer* action based upon the court's original jurisdiction over the *Hoffman* action. The court disagrees.

The Fifth Circuit has unequivocally provided that Section 1441 precludes removal of actions for which the sole basis of jurisdiction is supplemental jurisdiction based on the court's exercise of original jurisdiction over another action:

> Where . . . the plaintiff files an action in state court with no federal question or complete diversity, the original jurisdiction necessary for removal under § 1441 does not exist. Congress specified that federal courts have removal jurisdiction under § 1441 only if the district court otherwise has original jurisdiction over the civil action. No federal court [has] original jurisdiction over the [present action], and § 1367, by its own terms cannot fill the void. Section 1367 grants supplemental jurisdiction over state claims, not original jurisdiction. Without original jurisdiction, [there is] no jurisdictional hook for removal.

*Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010) (footnotes and internal quotation marks omitted); *see also Kansas City S. R. Co. v. Dixon & Sons Trucking Co.*, Nos. 10-770, 10-854, 2011 WL 1694433, at *3 (M.D. La. Apr. 6, 2011) ("Since supplemental jurisdiction is not an independent source of removal jurisdiction and there is no other independent basis of federal jurisdiction over this removed action, defendants have failed to meet their burden of proof to show that federal jurisdiction existed at the time of removal."), *report and recommendation adopted*, 2011 WL 1701979 (M.D. La. May 4, 2011); *George v. Borden Chemicals & Plastics Operating Ltd. P'ship*, 960 F. Supp. 92, 95 (M.D. La. 1997) ("Because the defendants have failed to find a federal claim in the state court petition itself and because defendants' removal petition may not base subject matter jurisdiction on the supplemental jurisdiction statute, this court lacks subject matter jurisdiction over this action."); *Holden v. Connex-Metalna Mgmt. Consulting*, No. 98-3326, 1999 WL 1072549, at *7 (E.D. La. Nov. 24, 1999) ("Simply put, supplemental jurisdiction is not a legitimate basis for removal."); *Zewe v. Law Firm of Adams & Reese*, 852 F. Supp. 516, 520 (E.D. La. 1993) ("[A] district court does not

11

have supplemental jurisdiction under 28 U.S.C. § 1367 to entertain the merits of claims in a state court suit which was removed without original jurisdiction."). Only if the requirements for Section 1441 are satisfied based on original jurisdiction over an "anchor claim" in the removed civil action may the court "*then* assert supplemental jurisdiction over any remaining state-law claims that do not independently satisfy original jurisdiction, if the state-law claims are part of the same case or controversy as the 'anchor claim.'" *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 259 (5th Cir. 2014) (citing 28 U.S.C. § 1367).

That the *Hoffman* and *Grimmer* actions have been consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure does not change the analysis.[12] Foremost, consolidation of these actions took place after removal of the *Grimmer* action, and the court's subject matter jurisdiction must be determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of the removal."). Moreover, it is beyond dispute that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-497 (1933) (footnote omitted); *see In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997) (noting that *Johnson* was decided prior to the adoption of Rule 42(a) but that the court has adhered to the instructions in *Johnson* regarding consolidated actions after the adoption of Rule 42(a)). Accordingly, each of the consolidated actions must have an independent basis for the exercise of subject matter jurisdiction. *Kuehne & Nagel v. Geosource, Inc.*, 874 F.2d 283, 287 (5th Cir. 1989) (citing *McKenzie v. United States*,

---

[12] Rule 42(a) provides that "if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

12

678 F.2d 571, 574 (1982)).  This court has interpreted *Kuehne* to provide that federal courts cannot exercise supplemental jurisdiction over an action on the basis that it has been consolidated with another action over which the court has original jurisdiction. *Kansas City S. R. Co.*, 2011 WL 1694433, at *2, *report and recommendation adopted*, 2011 WL 1701979; *see Holden*, 1999 WL 1072549, at *6 (same).

The decisions relied upon by State Farm in support of an exercise of supplemental jurisdiction over the *Grimmer* action are unavailing.  Of the decisions discussed at length, two of those decisions merely stand for the proposition that where a civil action has multiple plaintiffs, whether through class action or traditional joinder, and the court has original jurisdiction over the claims of at least one plaintiff, the court may then exercise supplemental jurisdiction over the claims of the remaining plaintiffs. *See Exxon Mobil Corporation v. Allapattah Services, Inc.*, 545 U.S. 546 (2005) (when at least one named plaintiff in a class action satisfies the jurisdictional requirements for an exercise of diversity jurisdiction, the court may exercise supplemental jurisdiction over the claims of other plaintiffs in the class action, regardless of whether they independently satisfy the requirement for diversity jurisdiction by meeting the amount in controversy requirement); *Carey v. E.I. DuPont de Neours & Company*, 209 F. Supp. 2d 641 (M.D. La. 2002) (supplemental jurisdiction is properly exercised in a mass tort action with thirty-three named plaintiffs where the court had diversity jurisdiction over some of the plaintiffs). These decisions do not stand for the proposition that federal courts may exercise supplemental jurisdiction over removed civil actions based upon the exercise of original jurisdiction over another action already in federal court.

The remaining two decisions from the eastern District of Louisiana involve post-Katrina insurance claims.  In both cases, an individual filed a civil action against an insurer involving a

13

flood insurance claim over which the court had original jurisdiction[13] and then filed a separate insurance action involving the same property but over which the court did not have original jurisdiction.  The district court's exercise of jurisdiction in the first case, *Halmekangas v. State Farm Fire and Casualty Company*, Nos. 06-3942, 06-4005, 07-1006, 2007 WL 1125760 (E.D. La. April 16, 2007), was specifically reversed by the Fifth Circuit in *Halmekangas*, 603 F.3d 290.  In that opinion, the Fifth Circuit found that the district court's exercise of supplemental jurisdiction was improper, vacated the summary judgment ruling, and ordered the matter remanded to the state court.  The second case, *Cognevich v. State Farm Insurance Company*, No. 07-1069, 2007 WL 2316916 (E.D. La. August 7, 2007), predated the Fifth Circuit's reversal in *Halmekangas* and is likewise inconsistent with that binding precedent.

## IV.   Conclusion

State Farm has not met its burden of establishing that this court has diversity jurisdiction over the *Grimmer* action pursuant to 28 U.S.C. § 1332.  Furthermore, the court cannot exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over this removed action.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the *Grimmer* action be **REMANDED** to the 18th Judicial District Court, Iberville Parish, Louisiana for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on December 4, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] Federal courts have original jurisdiction over actions brought pursuant to the National Flood Insurance Act.  *See* 42 U.S.C. § 4053; 28 U.S.C. § 1331.