UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JANA HOFFMAN**                                                                 **CIVIL ACTION**

**VERSUS**                                                                              **NO. 15-309-JWD-RLB**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**

## ORDER

Before the Court is Plaintiff's Motion for Leave of Court to File Plaintiff's Superseding and Amending Complaint for Damages, Penalties, and Attorney's Fees. (R. Doc. 80). Prior to filing the Motion, Plaintiff sought, but did not obtain, Defendant's consent pursuant to Local Rule 7(e). Nevertheless, Defendant failed to file an opposition within the time required by Local Rule 7(f). Accordingly, the Motion is unopposed.

On April 22, 2015, Jana Hoffman ("Plaintiff") filed this action in the 18th Judicial District Court for the Parish of Iberville, Louisiana against State Farm and Casualty Company ("State Farm" or "Defendant") and Cindy M. Ellender ("Ms. Ellender"). (R. Doc. 1-1 at 10-15) ("Petition"). Plaintiff claimed that on July 3, 2014, her house burned down after she accidentally left a pot on the stove. (Petition, ¶¶ 3-7). Plaintiff submitted a claim to State Farm under a homeowner's policy ("Policy") and State Farm assigned Ms. Ellender to investigate the claim. (Petition, ¶ 11-12). State Farm denied the claim but agreed to pay any "innocent" insured, namely Plaintiff's mortgage company. (Petition, ¶ 22). Plaintiff alleges that State Farm breached the Policy in bad faith by refusing to pay benefits in an arbitrary and capricious manner, entitling the Plaintiff to damages under the Louisiana bad faith statutes. (Petition, ¶1-7).

After removal, the district judge denied with prejudice all claims brought against Ms. Ellender. (R. Docs. 16, 23). State Farm then filed certain counterclaims. (R. Doc. 33). Prior to trial, and with consent of the parties, the district judge stayed the action pending the completion of an active investigation by the office of the Louisiana State Fire Marshal. (R. Doc. 69).

On January 18, 2022, the district judge lifted the stay given the completion of the investigation by the Louisiana State Fire Marshal. (R. Doc. 75; *see* R. Docs. 73, 74). The parties then submitted a Joint Status Report. (R. Doc. 78). A new Scheduling Order has been entered providing, among other things, that the deadline to amend the pleadings is reset for April 11, 2022. (R. Doc. 82).

On February 17, 2022, Plaintiff filed the instant Motion, which seeks entry of a proposed pleading "to allege developments relevant to this matter since the filing of [the original Petition] and to expand the existing allegations based on those developments." (R. Doc. 80 at 2). As discussed above, State Farm did not file any opposition to the relief sought.

Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Under Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

Having considered the record, the lack of any opposition, and the applicable law, the Court will grant Plaintiff leave to file into the record Plaintiff's First Superseding and Amending Complaint for Damages, Penalties, and Attorney's Fees (R. Doc. 80-2). The Court finds no substantial reason for denying this motion given the new Scheduling Order issued in this action.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Leave of Court to File Plaintiff's Superseding and Amending Complaint for Damages, Penalties, and Attorney's Fees. (R. Doc. 80) is **GRANTED**. The Clerk's Office shall enter Plaintiff's First Superseding and Amending Complaint for Damages, Penalties, and Attorney's Fees (R. Doc. 80-2) into the record.

Signed in Baton Rouge, Louisiana, on March 15, 2022.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**